In the United States District Court
For the Northern District of Texas
Dallas Division

| | |
|---|---|
| Aliitasi Mauala | § § |
| vs. | § § |
| Tyson Foods, Inc. | § § § Jury Demand |

**Plaintiff's Original Complaint**

Aliitasi Mauala, Plaintiff, sets forth her Complaint against Tyson Foods, Inc., Defendant, and for cause of action would show as follows:

## 1. Parties

1.1   Plaintiff, Aliitasi Mauala, is a resident and citizen of the State of Texas.

1.2   Defendant, Tyson Foods, Inc., is a Delaware corporation doing business in the State of Texas and may be served by serving its registered agent CT Corporation System at 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

## 2. Jurisdiction and Venue

2.1   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332. The Plaintiff and Defendant are citizens of different states and Plaintiff seeks damages in an amount that exceeds the sum or value of $1,000,000, exclusive of interest and costs.

2.2   Personal jurisdiction and venue are proper because the cause of action accrued and the negligent acts occurred within the Northern District of Texas. Furthermore, Tyson

has a significant presence in the Northern District of Texas as it has facilities located in the area.

2.3     Plaintiff has complied with Local Rule 83.10 and has obtained local counsel for this matter.

3. **Facts**

3.1     Tyson operates a poultry processing plant in Grayson County located at 4700 US-75, Sherman, TX 75090.

3.2     Ms. Mauala worked as a production supervisor for Tyson. On May 10, 2021, a machine, which had been out of service, was put back in service and was scraping on the side causing shavings to drop on the floor. While working for Tyson Ms. Mauala was required to assist another employee and clean the shavings. While she was cleaning the shavings an exposed belt on the machine pulled her hand into the machine causing serious injuries.

3.3     Ms. Mauala had her hand stuck in the machine for an extended period of time while the maintenance crew tried to take it apart. She was then rushed to two different hospitals to have emergency procedures. She has since had multiple skin grafts and surgeries. She has suffered and will continue to suffer from pain, mental anguish, disfigurement, loss of enjoyment of life, lost wages, loss of earning capacity, and physical impairment.

4. **Legal Status of the Parties**

4.1     Tyson was not a subscriber to workers compensation insurance, and thus

Plaintiff brings this suit for damages under the provisions of Section 406.033 of the Texas Labor Code for personal injuries while in the course and scope of her employment with Defendant.

    4.2    Tyson, as a non-subscriber under the Texas Workers' Compensation Act, and pursuant to Section 406.033 of the Texas Labor Code, has lost its common law defenses of:

    a.    contributory negligence of Plaintiff;

    b.    that the injury was caused by the negligence of a fellow employee; and/or

    c.    that the Plaintiff assumed the risk of the injury incident to her employment.

    4.3    Furthermore, Tyson was the owner of the property where the incident occurred or otherwise was in control of the property. Ms. Mauala went on the Defendant's premises for the mutual benefit of herself and the Defendant. Under Texas common law, as Tyson's employee, Ms. Mauala was its invitee at the time the injury occurred.

## 5. Action for Damages

### 5.1 *Employer Negligence*

    5.1.1    On the occasion in question, Tyson owed Ms. Mauala a duty of care commensurate with its relationship to her as her employer. As her employer, Tyson owed Ms. Mauala continuous, non-delegable duties to use ordinary care in providing a safe workplace, hiring competent co-employees, providing needed safety equipment or assistance, warning Ms. Mauala of the hazards of her employment, providing safety regulations, and

providing training and supervision.

5.1.2  Ms. Mauala sustained severe and permanent injuries because of Tyson's negligence and gross negligence when Tyson and/or their employees negligently:

- failed to provide a safe workplace;
- failed to provide rules and regulations for the safety of employees, and to warn them, under certain conditions, as to the hazards of their positions or employment;
- failed to hire competent employees;
- failed to furnish reasonably safe instrumentalities with which its employees are to work;
- failed to supervise its employees;
- failed warn Ms. Mauala of the hazards of the job; and
- failed to follow safety regulations.

5.1.3  Tyson's breach of its duty to use ordinary care constituted negligence and was a proximate cause of Ms. Mauala's injuries.

**5.2  *Premises Defects***

5.2.1  As the property owner, Tyson owed Ms. Mauala the duty to exercise ordinary care to keep the premises in reasonably safe condition, inspect the premises to discover latent defects, and make safe any defects or give an adequate warning.

5.2.2  Tyson's conduct, and that of its agents, servants, and employees, acting within the scope of their employment, constituted a breach of the duty of ordinary care owed by Tyson to Ms. Mauala.

5.2.3  Upon information and belief, Tyson knew or should have known that the

conditions on its premises created an unreasonable risk of harm to invitees.

5.2.4   Tyson failed to exercise ordinary care to reduce or eliminate the risk by failing to maintain safety standards; by failing to warn of known risks; by failing to provide a safe workplace; or by failing to use the proper methods, tools, or procedures for the work Ms. Mauala was doing to be safe.

5.2.5   Each of these acts and omissions, whether taken singularly or in any combination, was a proximate cause of the occurrence described above and of the Plaintiff's injuries.

## 6. *Damages*

6.1   By virtue of the actions and conduct of the Defendant Tyson set forth above, Ms. Mauala was seriously injured. Because of those injuries and the damages flowing from them, this suit is maintained.

6.2   Because of the nature and severity of the injuries sustained, Plaintiff has suffered physical pain and mental anguish and, in reasonable probability, will continue to suffer physical pain and mental anguish in the future.

6.3   Plaintiff has suffered and will continue to suffer disfigurement, physical impairment, limitation of activities, and loss of enjoyment of life.

6.4   Because of the nature and severity of the injuries sustained, Plaintiff has required medical treatment in the past and, in reasonable probability, will require other and additional treatment in the future. Charges for such medical treatment have been and will be

reasonable charges made necessary by the occurrence in question.

## 7. Exemplary Damages

7.1     Ms. Mauala adopts and incorporates by reference the preceding Paragraphs 1 through 6.4 as if fully stated within this section.

7.2     Tyson's acts and omissions give rise to gross negligence as defined by Chapter 41 of the Texas Civil Practice and Remedies Code.

7.3     Upon information and belief, Tyson, its principals, and/or its authorized agents knew of the dangers involved in each of its actions and omissions.

7.4     Tyson was grossly negligent, as that term is understood under Texas law, and such conduct was a proximate cause of Plaintiff's injuries. Tyson's grossly negligent conduct justifies the imposition of exemplary damages both as punishment of Defendant and its callous disregard for the safety of individuals such as Plaintiff, and as a deterrent to others from engaging in similar conduct.

7.5     When viewed objectively, Tyson's omissions involved an extreme degree of risk considering the probability and magnitude of potential harm to Plaintiff. Defendant Tyson was subjectively aware of such risk.

7.6     Tyson is liable for exemplary damages resulting from its grossly negligent conduct because it:

- Authorized the doing and the manner of the acts and omissions in question;
- Recklessly employed personnel who were unfit, incompetent, and/or unqualified to perform the duties and tasks assigned to them;
- Employed personnel in managerial positions who were acting within the course and scope of their employment at the time the negligent acts and/or

> omissions occurred and failed to stop or prevent such acts and/or omissions; and/or
> - Through its officers, managers, supervisors, or higher-level employees, ratified or approved the negligent acts and/or omissions in question.

7.7 Plaintiff therefore asks for exemplary damages in addition to all actual damages.

## 8. Pre- and Post-judgment Interest

8.1 Plaintiff would additionally show that she is entitled to a recovery of pre- and post-judgment interest in accordance with the law as part of her damages herein, and Plaintiff here and now sues for a recovery of pre- and post-judgment interest as provided by the applicable provisions of the laws of the State of Texas.

## 9. Jury Trial Requested

9.1 Plaintiff requests a jury trial in this matter.

## 10. Prayer

10.1 WHEREFORE, PREMISES CONSIDERED, Plaintiff, Ms. Mauala, prays that Defendant be cited to appear and answer and that upon the trial Plaintiff have judgment against Defendant for her damages, pre- and post-judgment interest, costs of court, and for such other and further relief at law or in equity, to which Plaintiff may show herself justly entitled to receive.

[SIGNATURE BLOCK ON NEXT PAGE]

Respectfully submitted,

**VB Attorneys**

/s/ Vuk S. Vujasinovic
_____

Vuk S. Vujasinovic
Tx No. 00794800
Vuk@vbattorneys.com
Job Tennant
Tx No. 24106501
Job@vbattorneys.com
6363 Woodway Dr., Suite 400
Houston, Texas 77057
713.224.7800
713.224.7801 fax

**Anderson & Cummings, L.L.P.**

/s/ Seth M. Anderson
_____

Seth M. Anderson
Texas Bar No. 24001654
seth@anderson-cummings.com
John M. Cummings
Texas Bar No. 00793572
john@anderson-cummings.com
   4200 West Vickery Boulevard
Fort Worth, Texas  76107
(817)920-9000 – telephone
(817)920-9016 – facsimile

**Attorneys for Plaintiff Aliitasi Mauala**